GEORGE R. HAMPSON *vs.* FRANK J. ROCCO *d.b.a.*

RHODE ISLAND FRUITS, SYRUPS & FLAVOR CO.

JANUARY 21, 1957.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

PAOLINO, J. This action in assumpsit was tried before a justice of the superior court sitting without a jury and a decision was rendered for the plaintiff in the sum of $1,-199.25 and costs. The case is before us on the defendant's single exception to such decision.

The declaration sets out a claim for the balance of $1,000 on the purchase price of the sale of the stock, fixtures, formulas and good will of plaintiff's flavoring business, and also a claim for money due for extra and additional materials which plaintiff alleges he furnished to defendant in consideration of his promises to pay for the same. The defendant filed a plea of the general issue.

The testimony discloses the following pertinent facts. The plaintiff, a man of advanced years, owned a flavoring extract business in which he had been engaged for approxi-

mately sixty-five years. The defendant, who operated a business of manufacturing and selling syrups and fruit toppings for the drugstore trade, contacted the plaintiff in the month of February 1951 relative to buying the flavoring extract business. After a discussion, the following agreement was entered into:

"February    1951

To Whom It May Concern:

This is to certify that I, George R. Hampson, sole owner of the New Process Flavor Company, do hereby agree to sell to Frank J. Rocco my right, title and interest in the said New Process Flavor Company including Stock, Fixtures, Formulas and Good Will for the sum of $1,500.00 (Fifteen Hundred Dollars) payable $500 (Five Hundred Dollars) in cash and the balance in 30 (thirty) days.

It is further agreed that said George R. Hampson agrees to teach and instruct the said Frank J. Rocco in the preparation of Flavors suitable for the Beverage Trade.

It is further agreed that said George R. Hampson agrees to introduce Frank J. Rocco to all the Bottling Trade upon whom George R. Hampson has been accustomed to call.

It is understood that all accounts payable to the New Process Flavor Company as of this date (February    1951) are not included in the above Sale or Agreement.

New Process Flavor Co.

[signed] Geo. R. Hampson Owner"

The defendant paid the $500 as agreed upon, but upon the expiration of thirty days thereafter he refused to pay  the balance of $1,000 on the ground of misrepresentation. He testified that he was induced to buy the flavoring extract business by plaintiff's representations that he was earning $100 per week; that defendant also would earn $100 weekly from the business; and that he would teach and instruct defendant in the preparation of flavors which would be suitable

for the beverage trade. The defendant testified further that on numerous occasions he called upon the customers to whom plaintiff had introduced him, but was unable to earn $100 weekly; that in the six months after he took over the business he was able to earn only between $250 and $300; that plaintiff showed him one or two formulas which proved unsuccessful and unsuitable for the beverage trade; and that as the result of not being taught the flavoring extract business, he was forced to hire an extract man. An employee of defendant also testified in his behalf and in substance corroborated his testimony.

The plaintiff testified that he supplied defendant with additional materials valued at $199.25. He further testified that he introduced defendant to numerous establishments in the bottling trade and would have taken him to other places but that he had difficulty getting defendant to accompany him because he did not have time. The plaintiff also testified he showed defendant how to prepare flavors and that "The whole thing in a nut shell is that I sold the whole thing to him for $1500, that's all. I didn't mention anything." At another point, in relation to the alleged representations, plaintiff testified: "There was nothing mentioned at all."

The defendant contends that he has proven a defense of breach of warranty and further that the trial justice did not consider his alleged uncontradicted testimony to the effect that plaintiff had agreed to teach him the flavoring extract business and that this was prejudicial error. On the contrary plaintiff contends in substance that he has proven his claim of full compliance with the agreement of sale and that there was no misrepresentation or breach of warranty. In brief, plaintiff argues that the trial justice made a finding of fact in his favor and that the decision should not be disturbed unless it is clearly wrong.

From a careful reading of the transcript we are convinced that the trial justice was confronted with conflicting testi-

mony on the main issues of fact. In his decision he concluded that plaintiff appeared to him to have dealt honestly with defendant and that defendant had not sustained the burden of proof as to his defenses of misrepresentation and breach of warranty.

The plaintiff offered no testimony in rebuttal to refute defendant's testimony relative to plaintiff's alleged misrepresentations as to his net weekly earnings. However, plaintiff had already presented testimony in his direct examination which either expressly or by reasonable inference contradicted such evidence. Moreover, the trial justice was not compelled to accept defendant's testimony on this point if it contained inherent improbabilities which alone, or in connection with other circumstances in evidence, established its falsity. *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180, 183.

The defendant contends that the trial justice did not mention defendant's testimony concerning plaintiff's alleged misrepresentation relative to teaching defendant to prepare suitable extracts. Therefore he concludes that such evidence was not considered by the trial justice and he argues that this was prejudicial error. We do not agree with this contention. While the trial justice did not expressly refer in his decision to this testimony, it is reasonable to conclude from what he stated that he considered all the testimony and was of the opinion that plaintiff's credibility was superior to that of defendant.

It is well established that where, as in the case at bar, the parties submit their case on the law and on the facts to a trial justice sitting without a jury, his decision is entitled to great weight and should not be set aside unless it is clearly wrong and fails to do substantial justice between the parties. *Troia* v. *Leone*, 74 R. I. 271, 275; *Vitullo* v. *Ambrosino*, 78 R. I. 354, 357. After carefully reviewing the transcript of testimony, we cannot say that the trial justice

was clearly wrong or that he overlooked or misconceived any credible and material evidence.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*Hector Laudati,* for plaintiff.

*Americo Campanella, Domenic Tudino,* for defendant.